**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HARRY H. BRANDT,

    Plaintiff,

v.

VA NEW JERSEY HEALTH CARE SYSTEM, EAST ORANGE, et al.,

    Defendants.

Civil Action No. 16-6604 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants the VA New Jersey Health Care System, the East Orange VA Hospital, Dr. George J. Tsioulias, Dr. Magdi E. Seedhom, Dr. Leonard Mason, and Martha C. Arismendy, PA's (collectively, "Defendants") Motion to Dismiss Plaintiff Harry H. Brandt's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court has considered Defendants' Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion is GRANTED.

**I.    Background and Procedural History**

    Plaintiff initiated a civil action against Defendants in state court, asserting tort claims based on medical care he received during gallbladder surgery. (*See generally* Compl., ECF No. 1-1.)[1] According to Plaintiff's Complaint, Defendants administered anesthesia and proceeded with Plaintiff's gallbladder surgery even though Plaintiff was in atrial fibrillation, which resulted in

---

[1] Plaintiff restarted the numbering in each count of the Complaint. The Court, therefore, refers to the Complaint generally.

permanent bodily injury, pain, and suffering.[2] (*Id.*) Defendants removed the matter from state court on October 6, 2016 (ECF No. 1), and subsequently filed their Motion to Dismiss (ECF No. 5).

Defendants' Motion was returnable on November 21, 2016 and Plaintiff's opposition to the Motion was due by November 7, 2016. Plaintiff failed to file opposition to the Motion. On December 14, 2016, the Court issued a Text Order which indicated that the Court would consider Defendants' Motion unopposed if Plaintiff did not respond to the Motion by January 4, 2017. Plaintiff failed to file opposition to Defendants' Motion. The Court, accordingly, considers Defendants' Motion unopposed.[3]

## II.  Discussion

"The United States, as sovereign, is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). The Federal Torts Claim Act ("FTCA") provides a limited waiver of sovereign immunity and permits a plaintiff to recover damages for "injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b); 2679(b)(1). The FTCA does not permit suits against government agencies or employees in their own capacities. Rather, the United States must be named as the defendant in a FTCA suit. *Dilg v. United States Postal Serv.*, 635 F. Supp. 406 (D.N.J. 1985). In addition, a plaintiff may not bring suit against the United States "unless [he] shall have first presented the

---

[2] The Complaint referenced "decedent" in several places. Nevertheless, based on the majority of the Complaint's allegations and because Plaintiff brought the Complaint on his own behalf, the Court infers that Plaintiff survived the surgery.

[3] On October 6, 2016 and December 14, 2016, the Court notified Plaintiff's counsel of the District of New Jersey's mandatory electronic filing system. In spite of the Court's notices, Plaintiff's counsel failed to register as an electronic filer.

claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

Here, Plaintiff brought suit against two components of the Veterans Health Administration and four of its employees. Since the United States is the proper defendant in this matter, the Court must dismiss the case against Defendants. The Court will provide Plaintiff with leave to amend. Plaintiff must also demonstrate that he exhausted administrative remedies as required by the FTCA.

Accordingly, for the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss without prejudice. By **March 23, 2017**, Plaintiff may file an amended complaint that corrects the jurisdictional defects in the Complaint. Failure to file an amended complaint will result in a dismissal of the Complaint with prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2017